# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DONNA FUSELIER** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO.** |
| | * | |
| **WAL-MART STORES, L.L.C.** | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## NOTICE OF REMOVAL

TO:    The Honorable Judges
of the United States District Court
for the Middle District of Louisiana

Defendant, Wal-Mart Louisiana, LLC, improperly referred to in plaintiff's complaint as Wal-Mart Stores, L.L.C., ("Walmart") files this Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1441, and hereby removes this matter from the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to the docket of this Honorable Court on the grounds set forth below:

1.    Plaintiff filed her Petition for Damages on December 29, 2016, against Wal-Mart Louisiana, LLC (improperly referred to as "Wal-Mart Stores, LLC" in Plaintiff's Petition for Damages). (*See* Plaintiff's Petition for Damages, attached hereto and marked for identification as Exhibit "A").

2.    Walmart was served through its agent for service of process, CT Corporation, with a copy of the Citation and Petition on January 11, 2017. (*See* CT Corporation Service of Process Transmittal Notice and Citation attached hereto *in globo* and marked for identification as Exhibit

"B".)

3. The suit seeks damages from Walmart for personal injuries and damages allegedly sustained by the plaintiff as a result of an incident that occurred at the Walmart Supercenter located on Main Street in Zachary, Louisiana, on or about February 27, 2016.

4. Plaintiff's Petition for Damages is silent as to the amount in controversy.

5. Walmart filed a Motion for Extension of Time in state court on January 26, 2016. (*See* Motion for Extension of Time, attached hereto as Exhibit C.)

6. Walmart filed its Answer to Petition for Damages, Request for Notice and Jury Order in state court by fax on February 10, 2017 and the original was received by mail on February 21, 2017. (*See* Answer to Petition for Damages, Request for Notice and Jury Order, attached hereto *in globo* as Exhibit D.)

7. In an attempt to determine the value of plaintiff's claims, defendant submitted Interrogatories, Request for Production of Documents and Request for Admissions to the plaintiff on February 10, 2017, requesting that she admit that her damages did not exceed the sum of 75,000.00, exclusive of interest and costs.

8. Based on discussions with plaintiff's counsel, the plaintiff sustained lumbar and hip injuries as well as bi-shoulder injuries for which she has been treating with a pain management specialist for over a year, and she has still not reached maximum medical improvement. The plaintiff has undergone epidural injection to her spine and injections to her hips.

I. **REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332.**

9. 28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between - (1) citizens of different States."

### A. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00.

10. The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000.00, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000.00 or (2) 'by setting forth *the facts* in controversy-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (emphasis in original) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995)).

11. In Plaintiff's Response to Request for Admissions dated February 27, 2017, plaintiff denied that her damages do not exceed $75,000.00. (*See* Plaintiff's Responses to Requests for Admissions, attached hereto as Exhibit E.)

12. Plaintiffs' Petition for Damages does not offer a binding stipulation that plaintiff will not seek to enforce any judgment that may be awarded in excess of $75,000.00, as would be required pursuant to *Davis v. State Farm*, No. 06-560, slip op. (E.D. La. June 7, 2006.

13. While Walmart admits no liability, nor any element of damages, Walmart has met its burden of showing that the amount in controversy is in excess of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs.

### B. COMPLETE DIVERSITY

14. Defendant, Wal-Mart Louisiana, LLC is a Delaware limited liability company with its principal place of business in Bentonville, Arkansas, and its sole member or owner being Wal-Mart Stores East, LP, a Delaware limited partnership with its principal place of business in Bentonville, Arkansas and which is composed of two partners, namely WSE Management, LLC (GP) and WSE Investment, LLC (LP), both Delaware limited liability companies with their principal place of business in Bentonville, Arkansas, and the sole member of said two limited

liability companies is Wal-Mart Stores East, Inc., an Arkansas corporation with its principal place of business in Bentonville, Arkansas. All shares of stock in Wal-Mart Stores East, Inc. are owned by Wal-Mart Stores, Inc., a Delaware corporation with its principal place of business in Bentonville, Arkansas, which is a publicly held company.

15. Plaintiff is a **resident and domiciliary** of the full age of majority of Wilkinson County, State of Mississippi.

16. Accordingly, there is complete diversity of citizenship between the plaintiff and the defendant.

17. This is a civil action over which the United States District Court for the Middle District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et seq.*, as the amount in controversy, evidenced by plaintiff's Responses to Request for Admissions, Answer to Interrogatories and settlement demand letter, exceeds SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and complete diversity exists between all adverse parties.

II. **WALMART HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.**

18. Walmart was served with the Petition through its agent for service of process, CT Corporation Systems, on January 11, 2017.

19. Plaintiff's Petition for Damages is silent as to the value of plaintiff's damages and/or the amount in controversy.

20. On February 27, 2017, Walmart received plaintiff's response to Walmart's Request for Admissions denying that her damages did not exceed $75,000.00 exclusive of interest and costs. (*See* Plaintiff's Responses to Requests for Admissions, attached hereto as Exhibit E.)

21. Based on discussions with plaintiff's counsel, and plaintiff's Response to Walmart's Request for Admissions the amount in controversy exceeds $75,000.00.

22. This Notice of Removal is being filed within thirty (30) days after first receipt by Walmart of plaintiff's Response to Request for Admissions establishing an amount in controversy that is in excess of $75,000.00 exclusive of interest and costs and is, therefore, timely under 28 U.S.C. § 1446(b).

23. Jurisdiction is founded in the existence of diversity jurisdiction under 28 U.S.C. § 1332, which grants federal courts concurrent original jurisdiction over claims where the matter in controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and is between citizens of different States.

24. The Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, is located within the Middle District of Louisiana pursuant to 28 U.S.C. § 98(a). Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

25. No previous application has been made by Walmart in this case for the relief requested herein.

26. Pursuant to 28 U.S.C. § 1446(a), a copy of the Petition is attached hereto as Exhibit "A." Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for plaintiff, and a copy is being filed with the Clerk of Court for the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.

27. Attached hereto are the Plaintiff's Petition for Damages (Exhibit "A"), the citation served upon Walmart (Exhibit B), Walmart's Motion for Extension of Time (Exhibit C), and Walmart's Answer to Petition for Damages, Request for Notice and Jury Order (*in globo* as

Exhibit D) which completes the documents contained in the state court record.

28. Petitioner, Wal-Mart Louisiana, LLC, desires and is entitled to **trial by jury** of all issues herein.

WHEREFORE, defendant, Wal-Mart Louisiana, LLC, hereby removes this action from the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to the docket of the United States District Court for the Middle District of Louisiana.

Respectfully submitted,

*/s/ Isidro René DeRojas*
**THOMAS P. ANZELMO, T.A. (#2533)**
**ISIDRO RENÉ DEROJAS (#18182)**
**McCRANIE, SISTRUNK, ANZELMO,**
**HARDY, McDANIEL & WELCH**
909 Poydras Street, Suite 1000
New Orleans, LA 70112
Telephone: (504) 831-0946
Facsimile: (800) 977-88210
ird@mcsalaw.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing *pleading* has been served upon all counsel of record in this proceeding ☒ by e-mail, ☐ by facsimile, ☐ by hand, and/or ☐ by United States mail, properly addressed and postage prepaid, on this 7th day of April 2017.

*/s/ Isidro René DeRojas*