# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

DONNA FUSELIER

VERSUS

WAL-MART STORES, LLC

CV. NO. 17-173-JWD-EWD

JUDGE JOHN W. deGRAVELLES

## RULING AND ORDER

Before the Court is a Motion for Summary Judgment filed by Defendant Wal-Mart Louisiana, LLC.[1] ("Motion," Doc. 12). Plaintiff Donna Fuselier has filed an Opposition, (Doc. 14), and Defendant has filed a Reply in further support, (Doc. 20).

For the reasons set forth below, the Motion is denied.

## I.   FACTUAL BACKGROUND

On or about February 27, 2016, Plaintiff slipped and fell in a puddle of pink liquid while shopping at a Wal-Mart store in Zachary, Louisiana. (Doc. 1-2 at 1; Doc. 12-2 at 18-19). Plaintiff did not see the liquid before falling. (Doc. 1-2 at 1; Doc. 12-2 at 11-12). Plaintiff does not know how the liquid got on the floor or what the substance was, and she did not see open containers in the area. (Doc. 12-2 at 20-21). During her deposition, Plaintiff testified that she was unable to determine how the liquid got on the floor even after viewing video footage of the fall and that the only tracks in the liquid were made by Plaintiff's own shopping cart. (*Id.* at 21, 23). Plaintiff has "no clue" whether any Wal-Mart employee knew that the substance was on the floor, and she did not see any "wet floor" or "caution" signs in the area. (*Id.* at 12, 21).

---

[1] Defendant asserts that Plaintiff incorrectly named Defendant as "Wal-Mart Stores, L.L.C." (Doc. 12-1 at 1).

1

## II. DISCUSSION

### a. Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If the mover bears his burden of showing that there is no genuine issue of fact, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . . [T]he nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–587 (1986) (internal citations omitted). The non-mover's burden is not satisfied by "conclusory allegations, by unsubstantiated assertions, or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations and internal quotations omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co.*, 475 U.S. at 587. Further:

> In resolving the motion, the court may not undertake to evaluate the credibility of the witnesses, weigh the evidence, or resolve factual disputes; so long as the evidence in the record is such that a reasonable jury drawing all inferences in favor of the nonmoving party could arrive at a verdict in that party's favor, the court must deny the motion.

*International Shortstop, Inc. v. Rally's, Inc.,* 939 F.2d 1257, 1263 (5th Cir. 1991).

### b. Section 2800.6

Louisiana Revised Statute Section 9:2800.6 governs this case because Plaintiff seeks recovery for injuries resulting from a fall occurring due to a condition existing on Wal-Mart's premises. (Doc. 12-1 at 3-5). Section 2800.6 provides:

A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition.

> This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.

B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:

> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

C. Definitions

> (1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.
>
> (2) "Merchant" means one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business. [. . .]

D. Nothing herein shall affect any liability which a merchant may have under Civil Code Arts. 660, 667, 669, 2317, 2322, or 2695.

La. Rev. Stat. § 9:2800.6.

### i. The Parties' Arguments

Defendant contends that Plaintiff cannot meet the standards of Section 2800.6. Fundamentally, Defendant argues that Plaintiff cannot prove notice: there is no evidence that Defendant's employees were actually aware of the liquid's presence, nor is there any affirmative evidence that the liquid was present for such a period of time as to give rise to constructive notice. (Doc. 12-1 at 11-13).

3

Plaintiff opposes, arguing that there is circumstantial evidence of constructive notice. (Doc. 14 at 2-9). First, Plaintiff argues that Defendant failed to preserve store video footage from the two hours surrounding the incident (in accordance with its own policy) and that this constitutes spoliation of evidence giving rise to a presumption in Plaintiff's favor. (*Id.* at 3-4). Plaintiff acknowledges receiving footage for about 49 minutes prior to and 37 minutes following the fall, however. (*Id.* at 3).

Second, Plaintiff argues that there is no evidence that, on the day of the incident, Defendant's employees followed store policies requiring them to complete regular safety sweeps. (*Id.* at 4-5). According to Plaintiff, the video footage provided shows no safety sweeps being performed, and there is no written documentation of any safety sweeps. (*Id.* at 5).

Third, Plaintiff argues that there is evidence that Defendant's employees frequently disregard store policies, and Defendant's lukewarm response to violations shows a genuine disregard for its own policies and may constitute negligence. (*Id.* at 5-6).

Fourth, and relatedly, Plaintiff alleges that store policies require more frequent cleaning and safety sweeps of an "action alley," or high-traffic area. (*Id.* at 6-7). Plaintiff fell in the intersection of two such areas, but an assistant store manager was unable to testify at his deposition as to whether a safety sweep was performed or should have been performed at that time. (*Id.* at 7).

Finally, Plaintiff argues that the video footage provided creates genuine issues of fact for trial. (*Id.* at 8). Particularly, Plaintiff claims that, beginning over forty minutes before Plaintiff's fall, various customers side-step, look back at, or otherwise pay unusual attention to the area where Plaintiff fell. (*Id.*).

In reply, Defendant generally reiterates its previous arguments and takes issue with several characterizations of the video footage. (Doc. 20 at 5-6). Defendant notes that Plaintiff's characterizations, which mention customers stepping in the liquid, are at odds with her testimony that her shopping cart left the only track in the liquid. (*Id.*). Defendant also contends that its alleged failure to follow its own policies concerning safety sweeps do not give rise to liability. (*Id.* at 6-7). Similarly, Defendant maintains that it is not required by law to maintain a full hour of video before and after the incident, and Plaintiff's allegations that additional footage would show more are speculative. (*Id.* at 7-8).

   c. Analysis

      i. Spoliation

The Court first considers Plaintiff's argument regarding spoliation of evidence. According to the Fifth Circuit, spoliation of evidence is the "destruction or the significant and meaningful alteration of evidence." *Guzman v. Jones*, 804 F.3d 707, 713 (5th Cir. 2015) (citing *Rimkus Consulting Grp., Inc. v. Cammarata*, 688 F.Supp.2d 598, 612 (S.D.Tex. 2010)). Sanctions or an adverse inference against an alleged spoliator are available "only upon a showing of 'bad faith' or 'bad conduct.'" *Id.* (citing *Condrey v. SunTrust Bank of Georgia*, 431 F.3d 191, 203 (5th Cir. 2005)). "Bad faith, in the context of spoliation, generally means destruction for the purpose of hiding adverse evidence." *Id.* (citing *Mathis v. John Morden Buick, Inc.*, 136 F.3d 1153, 1155 (7th Cir. 1998)).

Plaintiff's showing of spoliation is inadequate under these standards. At most, Plaintiff has established that Wal-Mart and its employees deviated from their own policy by destroying or failing to preserve footage from a full hour before Plaintiff's fall.[2] Plaintiff has made no

---

[2] Because the instant Motion turns on Wal-Mart's notice of the spill, the Court focuses primarily on the availability of footage prior to Plaintiff's fall.

showing, however, that Wal-Mart destroyed or failed to preserve the footage "for the purpose of hiding adverse evidence." *Id.* (affirming district court's refusal to give adverse inference instructions because, *inter alia*, movants "produced no evidence suggesting bad faith"). The Court also deems it significant that Wal-Mart actually produced 49 minutes of footage preceding the fall (only 11 fewer that Plaintiff desires) and, from those 49 minutes, Plaintiff argues at length, and ultimately successfully, about whether Wal-Mart had notice. (Doc. 14 at 8; *see also infra*).

### ii. Actual or Constructive Notice

As set forth *supra*, a claim under section 2800.6 requires a showing that a defendant "created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence." La. Rev. Stat. § 9:2800.6(B)(2). "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. La. Rev. Stat. § 9:2800.6(C)(1)

The Louisiana Supreme Court has held that the phrase "such a period of time" constitutes a temporal element that must be shown by a plaintiff in a slip-and-fall case, and section 2800.6 does not permit an inference of constructive notice absent a showing of this temporal element. *White v. Wal–Mart Stores, Inc.,* 97-0393, p. 4 (La. 9/9/97); 699 So.2d 1081, 1084. The Louisiana Supreme Court continued:

> Though there is no bright line time period, a claimant must show that "the condition existed for such a period of time ... " Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question; however, there remains the prerequisite showing of some time period. A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute. Though the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition existed for some time period prior to the fall. This is not an impossible burden.

*Id.* at 1084-85. The *White* court also discussed a prior decision in *Welch v. Winn-Dixie Louisiana, Inc.*, 94-2331 (La. 5/22/95); 655 So.2d 309, observing that the *Welch* court found that the claimant had carried her burden by, *inter alia*, "showing the absence of written inspection procedures, the lack of written documentation of the performance of inspections, and the lack of company directives on a consistent inspection policy[.]" *White*, 699 So.2d at 1084 (citing *Welch,* 655 So.2d at 309, 318*)* (internal quotation marks omitted). *White* expressly overruled *Welch*, observing that the *Welch* court's reliance on "a lack of uniform, mandatory clean-up procedures" had improperly shifted the burden to the merchant to prove that it acted reasonably. *Id.* at 1085. "The [*Welch*] Court stated, 'The length of time a foreign substance is on the floor diminishes in relevance if the defendant merchant has no mechanism in place to discover such a hazard.' While the length of time may arguably diminish in relevance under some circumstances, it certainly does not diminish to the point of being eliminated." *Id.* (citing *Welch*, 655 So.2d at 318) (citation omitted).

  Similarly, in *White* itself, the Louisiana Court of Appeal had written:

> [W]e do not agree that the trial judge erred in finding that defendant negligently allowed the spill to remain for such a period of time that it would have been discovered if defendant had exercised reasonable care. Since defendant did not produce any witnesses at trial to show that a sweep occurred nearer in time to the accident, we must conclude that the trial judge was not clearly wrong in finding that plaintiff bore her burden of proof and in finding defendant liable.

*White v. Wal–Mart Stores, Inc.*, 96-617, p. 3 (La. App. 5 Cir. 1/15/97); 688 So.2d 100, 103.

  The Louisiana Supreme Court disapproved of this analysis and reversed, stating:

> Again, there is no provision in La. R.S. 9:2800.6 that allows shifting the burden to the defendant to disprove his culpability as the lower court clearly did. As previously discussed, defendant need not come forward with positive evidence of the absence of the spill. Such would require the defendant to prove a negative and is not within the clear and unambiguous language of the statute. Furthermore, the lack of evidence showing the non-existence of the spill is not evidence of the

7

> existence of the spill, but merely the absence of evidence. Because it is the claimant's burden to prove its existence for some period of time, the absence of evidence can not [sic] support the claimant's cause of action. Rather, the absence of evidence is fatal to the claimant's cause of action.

*White*, 699 So.2d at 1086.

Applying Louisiana law, this Court cannot conclude that alleged failures by Wal-Mart employees to conduct safety sweeps and clean aisles satisfies the notice element. *White* made clear that this is a "temporal element" requiring a showing that the condition existed for "some period of time." *White,* 699 So.2d at 1084-85. *White* also expressly disapproved of the use of evidence concerning effective store policies and timely safety sweeps as a substitute for this showing, observing that the plaintiff has the burden of proving that the condition existed for "some period of time." *Id.* at 1085. Therefore, Plaintiff's evidence concerning store policies is inadequate to satisfy her burden.

The video footage, however, creates an issue of fact for trial. Viewed in the light most favorable to Plaintiff, the video shows several store patrons looking at or side-stepping the area where Plaintiff fell, as well as a child scuffing his feet against the floor in that area. A jury might reasonably infer from the unusual amount of attention paid to that area of the floor by several patrons over several minutes that there was a spill on the floor in that area that existed for some period of time before Plaintiff's fall. *See Blake v. Wal-Mart Louisiana, LLC*, 2011 WL 6294023, at *3 (M.D. La. Dec. 15, 2011) (plaintiff may rely on circumstantial evidence to show that condition existed for "some time" prior to accident); *cf. Taylor v. Wal-Mart Stores, Inc.*, 464 F. App'x 337, 339 (5th Cir. 2012) (agreeing with district court's determination that plaintiff had failed to prove notice where video footage "merely show[ed] the passage of time" and did not show, *inter alia*, "others slipping or avoiding the area"). Beyond this preliminary showing, whether the condition existed for a "sufficiently lengthy" period of time is "necessarily a fact

question," *White,* 699 So.2d at 1084, which is inappropriate to resolve on summary judgment. Similarly, claimed inconsistencies between the video footage and other evidence, *e.g.,* Plaintiff's testimony that the only tracks in the liquid were made by her shopping cart, are appropriate subjects for cross-examination at trial, but do not conclusively establish that a rational trier of fact could not find for Plaintiff. *Matsushita Elec. Indus. Co.*, 475 U.S. at 587.

For the foregoing reasons, summary judgment is inappropriate.

### III. CONCLUSION

Accordingly, **IT IS ORDERED** that Defendant's Motion for Summary Judgment (Doc. 12) is DENIED.

Signed in Baton Rouge, Louisiana, on <u>April 4, 2018</u>.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**